

Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 5000 | **DATE** | 8/31/2004 |
| **CASE TITLE** | MICHAEL WILKINS, SR. vs. UNITED STATES OF AMERICA | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   The government will be given the opportunity to respond to Wilkins' petition before we render a decision on its merits.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | SEP 0 1 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL WILKINS, SR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. 04 C 5000 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

DOCKETED SEP 01 2004

## MEMORANDUM OPINION AND ORDER

On March 23, 2004, petitioner Michael Wilkins, Sr. pled guilty to fraud and aiding false statements on tax returns, in violation of 18 U.S.C. § 1341 and 26 U.S.C. § 7206(2) (USA v. Wilkins, 02 CR 349). Petitioner was sentenced to 48 months for the fraud and 36 months for aiding false statements – sentences to be served concurrently. Wilkins now petitions to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.

Under § 2255, a prisoner may challenge his sentence on the grounds that it violates the Constitution, the court imposed it without jurisdiction, it is in excess of the maximum allowed by law, or it is otherwise subject to collateral attack. 28 U.S.C. § 2255. Petitioner argues that his sentence should be vacated because of his attorney's ineffective assistance of counsel and because the court abused its discretion by not allowing petitioner's argument for a downward departure from the sentencing guidelines.

To prove an ineffective-assistance-of-counsel claim, petitioner must show that his counsel's performance "fell below an objective standard of reasonableness and outside the wide range of professionally competent assistance." Reeves v. U.S., 255 F.3d 389, 393 (7th Cir. 2001). Generally, he must also show that there is a reasonable probability that, but for his counsel's incompetence, the outcome of his sentencing would have been different. *See id.* Petitioner argues that his counsel's failure to present mitigating circumstances, which justified the

downward departure from the sentencing range, amounted to ineffective assistance. He further maintains that the court's failure to consider such arguments was an abuse of discretion. Contrary to petitioner's claim, his counsel did, in a sentencing memorandum presented to the court, argue that petitioner's physical ailments and family circumstances warranted a downward departure. The government opposed any downward departures and argued for an upward departure. As is within our discretion, we rejected both petitioner's request for a downward departure and the government's request for an upward departure. Thus, petitioner's failure to receive a downward departure in sentencing did not result from counsel's ineffective assistance of counsel, nor the court's abuse of discretion.

Petitioner also claims that his attorney failed to file a direct appeal of his sentence despite petitioner's request that he do so. The Seventh Circuit has held that an attorney's "failure to take an appeal, despite the defendant's request, is ineffective assistance without regard to the probability of success on appeal." Castellanos v. United States, 26 F.3d 717, 719 (7th Cir. 1994). Though an attorney may counsel a client against an imprudent appeal, he must file a notice of appeal and represent the client, if the client insists on appealing, unless the attorney is relieved by the court of appeals. Id. Petitioner, who did not waive his right to appeal, claims that he informed his attorney that he wanted to appeal his sentence. His attorney allegedly told petitioner that he could not think of any grounds for appeal and no appeal was filed.

Under § 2255, petitioner is entitled to a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255; See Stoia v. U.S., 22 F.3d 766, 768 (7th Cir. 1994)("A section 2255 petitioner is entitled to an evidentiary hearing on his claims, when he alleges facts that, if proven, would entitle him to relief.") From this record we cannot conclusively determine that petitioner is not entitled to

relief. We do not know whether petitioner requested that his attorney appeal and remained insistent on an appeal despite his attorney's objection. If petitioner did make such a request, he would be entitled to appropriate relief for ineffective assistance of counsel – the right to an appellate proceeding represented by counsel, unless the court of appeals relieves counsel of that obligation, even though the appeal has no chance of success.[1] *See* Castellanos, 26 F.3d at 720. Before deciding whether to grant petitioner a hearing, we will give the government an opportunity to respond to Wilkins' petition. In addition to addressing whether Wilkins is entitled to a hearing, the government may choose to address whether Wilkins' presence would be required if an evidentiary hearing is granted.

## CONCLUSION

The government will be given the opportunity to respond to Wilkins' petition before we render a decision on its merits.

JAMES B. MORAN
Senior Judge, U. S. District Court

Aug. 31, 2004.

---

[1] We are unaware of any meritorious grounds. For example, petitioner complains of enhancement due to loss amounts, but he admitted those loss amounts in his plea agreement.